# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **STEVEN EAISE,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:15-CV-1590-MHH** |
| | } | |
| **NANCY BERRYHILL,** | } | |
| **Acting Commissioner,** | } | |
| **Social Security Administration,** | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION</u>

Pursuant to 42 U.S.C. § 405(g), plaintiff Steven Eaise seeks judicial review of a final adverse decision of the Commissioner of Social Security. The Commissioner denied Mr. Eaise's claim for a period of disability and disability insurance benefits. After careful review, the Court remands this matter for additional administrative proceedings.

## I. PROCEDURAL HISTORY

Mr. Eaise applied for a period of disability and disability insurance benefits on July 10, 2013. (Doc. 7-6, p. 2). Mr. Eaise alleges that his disability began in February 2011. (Doc. 7-6, p. 2). The Commissioner initially denied Mr. Eaise's

claim on August 15, 2013. (Doc. 7-5, p. 2). Mr. Eaise requested a hearing before an Administrative Law Judge (ALJ). (Doc. 7-5, p. 10). The ALJ issued an unfavorable decision on December 11, 2014. (Doc. 7-3, p. 15). On July 23, 2015, the Appeals Council declined Mr. Eaise's request for review (Doc. 7-3, p. 2), making the Commissioner's decision final and a proper candidate for this Court's judicial review. *See* 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

The scope of review in this matter is limited. "When, as in this case, the ALJ denies benefits and the Appeals Council denies review," the Court "review[s] the ALJ's 'factual findings with deference' and [his] 'legal conclusions with close scrutiny.'" *Riggs v. Comm'r of Soc. Sec.*, 522 Fed. Appx. 509, 510-11 (11th Cir. 2013) (quoting *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001)).

The Court must determine whether there is substantial evidence in the record to support the ALJ's factual findings. "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In evaluating the administrative record, the Court may not "decide the facts anew, reweigh the evidence," or substitute its judgment for that of the ALJ. *Winschel v. Comm'r of Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotations and citation omitted). If substantial evidence

supports the ALJ's factual findings, then the Court "must affirm even if the evidence preponderates against the Commissioner's findings." *Costigan v. Comm'r of Soc. Sec. Admin.*, 603 Fed. Appx. 783, 786 (11th Cir. 2015) (citing *Crawford*, 363 F.3d at 1158).

With respect to the ALJ's legal conclusions, the Court must determine whether the ALJ applied the correct legal standards. If the Court finds an error in the ALJ's application of the law, or if the Court finds that the ALJ failed to provide sufficient reasoning to demonstrate that the ALJ conducted a proper legal analysis, then the Court must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## III. SUMMARY OF THE ALJ'S DECISION

To determine whether a claimant has proven that he is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

In this case, the ALJ found that Mr. Eaise has not engaged in substantial gainful activity since February 18, 2011, the alleged onset date. (Doc. 7-3, p. 20). The ALJ determined that Mr. Eaise suffers from the following severe impairments: psoriatic arthritis, neuropathy, and major depressive disorder. (Doc. 7-3, p. 20). The ALJ also found that Mr. Eaise suffers from gastroesophageal reflux disease, but the impairment is not severe. (Doc. 7-3, p. 22). Based on a review of the medical evidence, the ALJ concluded that Mr. Eaise does not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Doc. 7-3, p. 23).

Next, the ALJ evaluated Mr. Eaise's residual functional capacity in light of his impairments. The ALJ determined that Mr. Eaise has the RFC to perform:

> sedentary work as defined in 20 CFR 404.1567(a), with abilities, limitations and restrictions as follows: occasional pushing and pulling with the lower extremities; no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs; occasional balancing; occasional crouching; occasional stooping; no kneeling; no crawling; avoid concentrated exposure to extreme cold; avoid concentrated exposure to vibration; avoid concentrated exposure to humidity or wetness; avoid all hazardous machinery and unprotected heights; avoid work requiring walking on uneven terrain; can understand and remember short and simple instructions, but is unable to do so with detailed or complex instructions; can perform simple, routine, repetitive tasks but is unable to do so with detailed or complex tasks; can have no more than occasional, casual contact with the general public; and may be expected to miss one-to-two days of work per month due to impairments.

(Doc. 7-3, p. 24).  Based on this RFC and testimony from a vocational expert, the ALJ concluded that Mr. Eaise is not able to perform his past relevant work as a merchandise clerk, janitor, automotive parts clerk, or scheduler.  (Doc. 7-3, pp. 26-27).  Relying on testimony from a vocational expert, the ALJ found that jobs exist in the national economy that Mr. Eaise can perform.  Those jobs include assembler, film touch up inspector, and small parts inspector.  (Doc. 7-3, pp. 27-28).  Accordingly, the ALJ determined that Mr. Eaise has not been under a disability within the meaning of the Social Security Act.  (Doc. 7-3, p. 28).

## IV.  ANALYSIS

Mr. Eaise argues that he is entitled to relief from the ALJ's decision because the ALJ failed to consider a judicial opinion in which a state court found that Mr. Eaise is permanently and totally disabled.  The Court agrees.  Therefore, the Court does not reach Mr. Eaise's alternative argument.

In support of his claim for disability benefits, Mr. Eaise submitted a June 26, 2013 order from the Circuit Court of Shelby County, Alabama concerning his state court worker's compensation claim.  (Doc. 7-7, pp. 70-74).  The state court found that Mr. Eaise is "permanently and totally disabled from gainful employment" because of a work-related back injury.  (Doc. 7-7, p. 73).

Under regulations that were in effect when Mr. Eaise filed his claim for disability benefits and case law interpreting and applying those regulations, the

ALJ was not bound by disability findings from other governmental agencies (*see* 20 C.F.R. 404.1504), but the ALJ had to consider those disability findings and give the determinations great weight. *See Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984) ("Generally, '[t]he findings of disability by another agency, although not binding on the [Commissioner], are entitled to great weight'" and remanding because the ALJ erred "in not giving great weight" to a state worker's compensation agency's "finding of total disability") (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983)); *Boyette v. Comm'r of Soc. Sec.*, 605 Fed. Appx. 777, 779 (11th Cir. 2015) (other governmental agency "disability ratings are . . . not binding on the ALJ, but such ratings should be considered and 'given great weight'") (quoting *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984)); SSR 06-3p, 2006 WL 2329939, at *6-7 ("We are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered. . . . [T]he adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases. . . .").[1]

---

[1] When Mr. Eaise filed his application for benefits, 20 C.F.R. § 404.1504 stated:

The ALJ's decision does not address the state court's disability finding, and

the ALJ did not determine whether the state court disability finding was entitled to

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

20 C.F.R. § 404.1504. As amended on March 27, 2017, 20 C.F.R. § 404.1504 now provides:

> Other governmental agencies and nongovernmental entities—such as the Department of Veterans Affairs, the Department of Defense, the Department of Labor, the Office of Personnel Management, State agencies, and private insurers—make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules. Therefore, in claims filed (see § 404.614) on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim in accordance with § 404.1513(a)(1) through (4).

20 C.F.R. § 404.1504.

On March 27, 2017, 20 C.F.R. § 404.1512 also was amended to remove governmental agency disability determinations from the list of evidence that an ALJ must consider when evaluating whether a claimant is entitled to social security disability benefits. *Compare* 20 C.F.R. § 404.1512(b)(v), effective April 20, 2015 to March 26, 2017 *with* 20 C.F.R. § 404.1512(b), effective March 27, 2017. Therefore, an ALJ now need only consider the evidence underlying another agency's disability determination, not the decision itself. Because Mr. Eaise filed his claim for benefits before March 27, 2017, the ALJ had to consider and assign great weight to another agency's disability rating.

Although state courts are not listed in the regulations among the examples of other governmental agencies and nongovernmental entities that may make disability determinations, the Court finds that the state court worker's compensation opinion concerning Mr. Eaise is the type of disability determination that the regulations contemplate. The state court considered evidence, and after a trial on the merits, determined that Mr. Eaise is permanently disabled under Alabama's workers' compensation statutory framework. (*See* Doc. 7-7, pp. 70-74).

great weight. (*See generally* Doc. 7-3, pp. 18-28).[2]  The Eleventh Circuit has recognized that an ALJ may implicitly find that an agency's disability rating is entitled to great weight.  *See Kemp v. Astrue*, 308 Fed. Appx. 423, 426 (11th Cir. 2009).  In *Kemp*, the ALJ "did not specifically state that he gave great weight to the VA's disability ratings," but the ALJ "continuously refer[red] to the VA's evaluations and disability rating throughout the evaluation process."  *Kemp*, 308 Fed. Appx. at 426.  Because the ALJ in *Kemp* "relied on the VA records and reference[d] the disability ratings, in addition to [the] rest of the relevant evidence, throughout his decision," the Eleventh Circuit panel concluded that the ALJ "implicitly found that the disability ratings were entitled to great weight."  *Id.* Here, the Court cannot identify an implicit finding like the one in *Kemp* because the ALJ neither acknowledged nor analyzed the state court's disability finding. The record does not demonstrate that the ALJ "considered and closely scrutinized" the state court's disability determination, and therefore, the Court cannot conclude that the ALJ gave the disability rating great weight.  *See Adams v. Comm'r of Soc. Sec.*, 542 Fed. Appx. 854, 857 (11th Cir. 2013).[3]

---

[2] The ALJ's written decision demonstrates that he thoroughly considered the medical evidence in the administrative record and carefully examined Mr. Eaise's claim for social security disability benefits.  However, because the decision does not acknowledge, explicitly or implicitly, the state court's permanent disability rating, the decision contains a legal error, and the Court must remand.

[3] The Court is not persuaded by the Commissioner's argument that the ALJ's failure to address the state court disability determination is harmless error.  Alabama courts apply a two-part test to

The Court is not persuaded by the Commissioner's argument that the ALJ's failure to address the state court disability determination is harmless error. The state court decision overlaps significantly with the federal disability decision. Alabama courts apply a two-part test to determine if an individual is disabled under the Alabama Worker's Compensation Act. "[T]he employee must be found to be incapable of returning to his trade, as well as incapable of being retrained for gainful employment." *Steelcase, Inc. v. Richardson*, 893 So.2d 413, 425 (Ala. Civ. App. 2003). This analysis mirrors steps four and five of the Social Security Administration's five-part sequential evaluation. Accordingly, the ALJ erred in failing to give the state court disability finding great weight. *See Davis-Grimplin v. Comm'r of Soc. Sec.*, 556 Fed. Appx. 858, 862 (11th Cir. 2014) (per curiam) ("Even when an agency's definition of disability differs from that of social security law, if the agency's disability definition is construed in a similar manner as the definition of disability under social security law, it is error for the ALJ to not give that agency's finding of disability great weight.") (citing *Falcon*, 732 F.2d at 831).

determine if an individual is disabled under the Alabama's Worker's Compensation Act. *Steelcase, Inc. v. Richardson*, 893 So.2d 413, 425 (Ala. Civ. App. 2003) ("The court must apply a two-pronged test in determining whether a permanent total disability exists: the employee must be found to be incapable of returning to his trade, as well as incapable of being retrained for gainful employment."). This analysis mirrors steps four and five of the Social Security Administration's five-part sequential evaluation. Accordingly, the ALJ erred in failing to give the state court disability finding great weight. *See Davis-Grimplin v. Comm'r of Soc. Sec.*, 556 Fed. Appx. 858, 862 (11th Cir. 2014) (per curiam) ("Even when an agency's definition of disability differs from that of social security law, if the agency's disability definition is construed in a similar manner as the definition of disability under social security law, it is error for the ALJ to not give that agency's finding of disability great weight.") (citing *Falcon*, 732 F.2d at 831).

Because the ALJ did not address, evaluate, or weigh the state court disability determination, the ALJ did not apply proper legal standards. Accordingly, the Court remands this case so that the ALJ may reconsider Mr. Eaise's claim for benefits and properly account for the state court's disability rating.

## V. CONCLUSION

For the reasons discussed above, the Court remands the decision of the Commissioner for further administrative proceedings consistent with the Court's memorandum opinion.

**DONE** and **ORDERED** this May 31, 2017.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE